UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNNY RAYE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:05-CV-2186-B |
| | § | ECF |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge William F. Sanderson, Jr. made findings, conclusions and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the Court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge. In addition, the District Court adds the following analysis:

Plaintiff argues that because the Administrative Law Judge ("ALJ") found that Plaintiff's "affective mood disorder, borderline intellectual functioning, and seizure disorder are considered 'severe'" at step two of the five step inquiry developed in 20 C.F.R. § 404.1520, the ALJ erred in step three in finding that Plaintiff did not satisfy the second requirement of 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. (*See* Administrative Record [Hereinafter "Tr."] 17) The two requirements of 12.05C are "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Plaintiff asserts that the ALJ found that her affective mood disorder and seizure disorder were severe

and therefore the ALJ erred in not finding that she satisfied the requirement of an additional and significant work-related limitation of function. The Court disagrees with Plaintiff's interpretation of the ALJ's findings.

At step two, the ALJ's statement that Plaintiff's "affective mood disorder, borderline intellectual functioning, and seizure disorder are considered 'severe'" is imprecise and causes confusion for the reader. *See Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998). In *Bryant*, the Eighth Circuit confronted a similar situation in which the ALJ concluded that a learning disability and headaches are severe impairments. *Id.* However, the Eighth Circuit pointed out that the ALJ's language was imprecise and that such language was clarified later in the decision when the ALJ explained that while the plaintiff is markedly limited in the cognitive domain, the plaintiff's headaches "impose no more than a slight limitation of function." *Id.*

Similarly, the ALJ's imprecise language in this case is clarified by his discussion of the affective mood disorder and seizure disorder. The ALJ explains that Plaintiff generally only has seizures when she is not taking her medication and that her depression is a situational disturbance. (Tr. 15) The ALJ further explains that there is no discussion in the medical records of Plaintiff's depression for several years and has not been seen for her seizure disorder or any condition for almost one year (at the time of his decision). (Tr. 15) The ALJ then concludes that the medical records do not support Plaintiff's allegations of symptoms and limitations. (Tr. 15) These findings and conclusions are supported by substantial evidence in the record. (*See, e.g.,* Tr. 250, 620) Thus, the ALJ's discussion of Plaintiff's affective mood disorder and seizure disorder clarifies the imprecise language and supports his finding that Plaintiff does not have an impairment equal to a listed impairment, including the listing under 12.05C. *See Bryant*, 141 F.3d at 1252. Accordingly, the Commissioner's decision is **AFFIRMED**.

SO ORDERED.

SIGNED March 1, 2007

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE